UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARY A. EWING, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV01066 HEA |
| | ) | |
| FRESH IDEAS/MORE SOURCE, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Moresource, Inc.'s ("Moresource"), Motion to Dismiss [Doc. No. 18] and Defendant Fresh Ideas Management, LLC's ("Fresh Ideas"), Motion to Dismiss [Doc. No. 12]. Plaintiff, proceeding *pro se*, did not respond to the Motions in a timely manner. The Court, has, however, considered Plaintiff's response. For the reasons set forth below, both Motions are denied.

Defendant Moresource seeks to dismiss the entire Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege Moresource was ever Plaintiff's employer or ever engaged in any unlawful conduct with respect to her employment. Fed.R.Civ.P. 12(b)(6). In the alternative, Moresource seeks to dismiss Plaintiff's allegations of harassment and discrimination with respect to the terms and conditions of her employment for lack of jurisdiction.

Fresh Ideas moves to dismiss on the same basis.

## Procedural and Factual Background[1]

On July 6, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). On March 1, 2007, the EEOC issued Plaintiff a Right to Sue letter. Plaintiff filed her Complaint in this Court on June 1, 2007, and subsequently filed an Amended Complaint on July 6, 2007. The Amended Complaint lists "Fresh Ideas/Moresource" as Defendants and claims the Defendants violated Title VII of the Civil Rights Act of 1964 by subjecting Plaintiff to retaliation, unlawful termination of employment, discrimination as to the terms and conditions of her employment, and harassment because of her race and color. According to Plaintiff's Charge of Discrimination filed with the EEOC, Plaintiff worked for Maryville University's meal service providers for about ten years before Fresh Ideas/Moresource began providing the university's meal service. On June 1, 2006, Fresh Ideas/Moresource took over the meal service at Maryville University. On June 14, 2006, Plaintiff was informed she may be discharged because a background check run by her employer uncovered a prior criminal conviction. The

---

[1] These "facts" are set forth for the purposes of the Motion to Dismiss only, and this recitation in no way relieves any party of the proof of the facts in later proceedings.

human resource manager, Bob Barnes, informed Plaintiff that she may be fired because the company does not employ any persons convicted of drug crimes, sex crimes, or theft.² On June 29, 2006, Plaintiff was discharged. Plaintiff's termination letter stated she was discharged because of insubordination.

## Discussion

## Motion to Dismiss

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's,* 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* - - - U.S. - - -, - - -, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded

---

² Plaintiff had been convicted of prostitution fourteen to fifteen years prior.

complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id. (*quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See* Fed. R.Civ.P.10( c). 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels v. Farmer's Commodities Corp. ,* 259 F.3d 910, 921 (8th Cir. 2001)").

## **Failure to State a Claim as to Moresource**

Moresource moves to dismiss Plaintiff's complaint in its entirety for its failure to allege Moresource engaged in any unlawful conduct with respect to her employment. Moresource argues that Plaintiff fails to allege Moresource was ever her employer, and at no point does she allege that Moresource ever discriminated against Plaintiff.

Title VII defines "employee" as "an individual employed by an employer." 42 U.S.C. §2000e(f). "Compensation is an 'essential condition to the existence of an employer-employee relationship.' Without compensation, no combination of other factors will suffice to establish the relationship." *Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A*, 245 F.3d 981, 987 (8th Cir. 2001) (quoting *Graves v. Women's Prof'l Rodeo Ass'n*, 907 F.2d 71, 73 (8th Cir. 1990)). For Title VII purposes, the Eighth Circuit has analyzed "employee" status by applying a hybrid, fact-intensive test to the worker's situation which combines the common law definition of agency and the "economic realities" test. *Hunt v. State of Mo., Dept. of Corr.*, 297 F.3d 735, 741 (8th Cir. 2002); *see Wilde v. County of Kandiyohi,*15 F.3d 103, 105 (8th Cir. 1994); Restatement (Second) of Agency § 220(2) (1958) ("Under the hybrid test, a court typically weighs the common-law factors listed in the Restatement and some additional factors related to the worker's economic situation, like how the work relationship may be terminated, whether the

worker receives yearly leave, whether the worker accrues retirement benefits, and whether the hiring party pays social security taxes."). It is also entirely possible that an individual may be employed for the purposes of Title VII by more than one employer for the same work. *Hunt*, 297 F.3d at 742 ("Nothing in the law precludes the possibility that a person may have two or more employers for the same work.").

Because the Plaintiff's EEOC charge was attached to the complaint, the allegations therein are incorporated into the complaint. *See Quinn*, 470 F.3d at 1244, *supra*. Plaintiff's EEOC charge lists Moresource as one of the employers she believes discriminated against her and in describing the particulars of her charges, she claims "[she] worked for the above-named employer providing meal services at Maryville University." [Doc. No. 1]. Construing the complaint liberally, as the Court must with respect to *pro se* pleadings, and in the light most favorable to the Plaintiff, Plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (*pro se* complaints must be liberally construed); *Crumpley-Patterson*, 388 F.3d at 590 (8th Cir. 2004) ("[I]n ruling on a motion to dismiss . . . all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.") (citations omitted).

## **Claims Outside of EEOC Charge**

This Court has jurisdiction only over those claims of discrimination that

"grow[] out of or [are] like or reasonably related to the substance of the allegations in the [EEOC charge]." *Cotrill v. MFA, Inc.,* 443 F.3d 629, 634 (8th Cir. 2006) (quoting *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 866 (8th Cir. 1998)). This limits civil litigation arising from an EEOC charge to discrimination that is "like or related to the substance of the allegations in the charge and which reasonably can be expected to grow out of the investigation triggered by the charge." *E.E.O.C. v. Delight Wholesale Co.*, 973 F.2d 664, 668 (8th Cir. 1992). This "like or related to" requirement serves to ensure that any claims brought during civil litigation have been adequately presented to the EEOC so as to preserve their investigatory and concilliatory role in dealing with employment discrimination. *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000). In determining whether a claim is "like or related to" a Plaintiff's EEOC charge, courts focus heavily on whether the allegations in the complaint are enough to put the employer on notice of the conduct complained of and the general basis for the claim. *Fair v. Norris*, 480 F.3d 865, 867 n.2 (8th Cir. 2007) ("Although an EEOC complaint 'need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court,' it must nevertheless 'be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim.'") (citations omitted).

### Harassment

Plaintiff's Amended Complaint includes a charge of harassment.  Defendants move to dismiss this claim as outside the scope of Plaintiff's EEOC charge.  It is worth noting that there is no harassment box to check on the EEOC charge.  Instead the Court must look to the allegations contained in Plaintiff's narrative.  The EEOC charge alleges that Plaintiff's prostitution conviction had not been kept secret and that during her employment the other employees "called [her] a prostitute and a Mary Magdalene."  Construed liberally, and viewed in the light most favorable to the Plaintiff, this is enough to put the employer on notice that Plaintiff's charge included a claim of harassment that would need to be investigated.   Defendants' Motions to Dismiss this claim are therefore denied.

### Discrimination in Terms and Conditions of Employment

Plaintiff includes discrimination as to the terms and conditions of her employment as part of her Amended Complaint.  Defendants move to dismiss this claim as outside the scope of Plaintiff's EEOC charge.  It is entirely possible that harassment in the workplace can be so severe as to constitute a change in the terms and conditions of employment. *See Wright v. Rolette County*, 417 F.3d 879, 885 (8th Cir. 2005) (prima facie case of harassment includes proof that harassment affected a term, condition, or privilege of employment); *Breeding v. Arthur J.*

### Harassment

Plaintiff's Amended Complaint includes a charge of harassment.  Defendants move to dismiss this claim as outside the scope of Plaintiff's EEOC charge.  It is worth noting that there is no harassment box to check on the EEOC charge.  Instead the Court must look to the allegations contained in Plaintiff's narrative.  The EEOC charge alleges that Plaintiff's prostitution conviction had not been kept secret and that during her employment the other employees "called [her] a prostitute and a Mary Magdalene."  Construed liberally, and viewed in the light most favorable to the Plaintiff, this is enough to put the employer on notice that Plaintiff's charge included a claim of harassment that would need to be investigated.   Defendants' Motions to Dismiss this claim are therefore denied.

### Discrimination in Terms and Conditions of Employment

Plaintiff includes discrimination as to the terms and conditions of her employment as part of her Amended Complaint.  Defendants move to dismiss this claim as outside the scope of Plaintiff's EEOC charge.  It is entirely possible that harassment in the workplace can be so severe as to constitute a change in the terms and conditions of employment. *See Wright v. Rolette County*, 417 F.3d 879, 885 (8th Cir. 2005) (prima facie case of harassment includes proof that harassment affected a term, condition, or privilege of employment); *Breeding v. Arthur J.*

*Gallagher and Co.*, 164 F.3d 1151, 1158 (8th Cir. 1999) (noting harassment is actionable under Title VII when the conduct is severe or pervasive enough to alter the conditions of the victim's employment). This Court considers the "frequency of the behavior, its severity, whether physical threats are involved, and whether the behavior interferes with plaintiff's performance on the job" in determining whether harassment affects a term or condition of employment in violation of Title VII. *Wright*, 417 F.3d at 885 (discussing the proper determination for whether sexual harassment affected a term or condition of employment); *see also Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 65-67, 106 S.Ct. 2399, 2404-06, 91 L.Ed.2d 49 (1986) (treating cases of sexual harassment in the workplace the same as racial harassment). Again, liberally construing the allegations contained in Plaintiff's EEOC charge and viewing them in the light most favorable to the Plaintiff, Plaintiff's claim of discrimination as to the terms and conditions of her employment is within the scope of her EEOC charge and therefore properly before this Court. Defendants' Motions to Dismiss this claim are denied.

## **Conclusion**

Plaintiff's Amended Complaint along with her attached EEOC charge set forth allegations sufficient to satisfy the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc. No. 18] and [Doc. No. 12], are Denied.

Dated this 14th day of November, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE